IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DONALD LYNN HUDSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-064 |
| | ) | |
| VA HOSPITAL POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On December 13, 2021, the Court issued a Report and Recommendation ("R&R") recommending this case be dismissed without prejudice for Plaintiff's failure to pay the filing fee or submit a motion to procced *in forma pauperis* ("IFP") as required by Local Rule 4.1 and explained by the Clerk's deficiency notice. (See doc. nos. 6, 7.) On January 18, 2022, the Court received Plaintiff's motion to proceed IFP. (Doc. no. 11.) Because Plaintiff has submitted a motion to proceed IFP, the Court **VACATES** the December 13th R&R. (Doc. no. 7.)

Accordingly, having considered Plaintiff's affidavit of poverty, the Court **GRANTS** his request to proceed IFP. If in the future, however, it appears Plaintiff's financial situation has improved, the Court may require him to pay either the entire filing fee or an appropriately determined partial filing fee.

Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

**I.     SCREENING OF THE COMPLAINT**

    **A.     BACKGROUND**

Plaintiff brings this action against the VA Hospital Police Department in Dublin, Georgia. Taking all factual allegations of the complaint as true, (doc. no. 1), which the Court must for screening, the facts are as follows.

In March 2021, a law enforcement officer at the Veterans Administration Medical Center in Dublin, Georgia, observed Plaintiff driving away from the facility. (Id. at 1.) The officer checked a database and determined Plaintiff did not have a license, but the officer did not issue a traffic ticket. (Id.) Instead, the "VA Hospital Police Department" issued a warrant against Plaintiff "with no evidence" in "direct violation of [Plaintiff's] rights." (Id.) Plaintiff seeks $100,000 in damages.

    **B.     DISCUSSION**

        **1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Pleading Deficiencies in Plaintiff's Complaint

Here, because of pleading deficiencies, the Court cannot determine whether Plaintiff has any viable claims. First, Plaintiff appears to be suing a federal entity over violations of his Constitutional rights. "[Absent] a waiver of the government's sovereign immunity, federal courts

lack subject matter jurisdiction over claims asserted against the federal government." Barber v. Veterans Admin. Hosp., No. 1:12-CV-3462-WSD, 2013 WL 12062838, at *1 (N.D. Ga. Apr. 22, 2013) (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)).  However, suits against federal officers in their individual capacities for violations of constitutional rights are permitted under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  Therefore, the proper defendant for a Bivens action is the individual who committed the act complained of and not the federal department or agency that employs the individual.  Zuniga v. Fed. Bureau of Prisons, No. CV213-058, 2013 WL 5571086, at *2, n. 1 (S.D. Ga. Oct. 8, 2013).  Here, however, Plaintiff sued the VA Hospital Police Department and not the individual federal officers who allegedly violated his rights.  If this mistake is not corrected, the Court will recommend dismissal.

Second, Plaintiff references a warrant but provides little detail on the circumstances preceding and following that warrant.  The Court needs a full recitation of all facts concerning the underlying criminal case.

The Court recognizes, however, that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure his pleading deficiencies by amending his complaint.  Accordingly, the Court **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document within twenty-one days of the date of this Order.[1]  If Plaintiff wishes to proceed with this action, he must complete and submit the enclosed complaint form.  Plaintiff should carefully review the instructions and provide the particular

---

[1] The Court **DIRECTS** the **CLERK** to enclose Form Pro Se 1, Complaint for a Civil Case, stamped with the appropriate case number, with Plaintiff's service copy of this Order.

4

information requested.

The amended complaint must be typed or printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual or entity Plaintiff is suing in the present lawsuit.  Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  The numbered paragraphs in his amended complaint should include information such as:  (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his pleading.  For example, Plaintiff should not simply state, "See attached documents."  The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference.  Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order.  Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he

wishes the Court to consider as a basis for awarding the relief sought.  If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.  Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case.

## II.    CONCLUSION

Using the enclosed forms, Plaintiff must submit an amended complaint.  Failure to comply with the terms of this Order within twenty-one days may result in a recommendation that this case be dismissed.

SO ORDERED this 21st day of January, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA